NEW ORLEANS AND CARROLLTON RAILROAD AND BANKING COMPANY *v.* PATTON et al.

Where a bill, drawn by one who was at the time cashier of a branch bank, payable to a person who was president of the branch, and endorsed by him, and by a third person who was a director of the same branch, who is presumed to have received the proceeds, was discounted by the branch, but not protested at maturity, the circumstances under which the note was discounted, by the act of one of the endorsers, and with the approbation of the other, will take the case out of the rules applicable to ordinary endorsers. *Per Curiam:* Both endorsers being bound to see] the note paid, they will not be permitted to profit by the neglect or fraud of an officer of the bank, whose conduct they were bound to supervise, to exonerate themselves from liability as endorsers.

APPEAL from the District Court of Carroll, *Curry,* J. *Benjamin* and *Micou,* for the appellants, *Stacy* and *Sparrow,* for the defendants. The judgment of the court was pronounced by

EUSTIS, C. J.* This is an action against the defendants, who were endorsers on a bill for $402, drawn at the town of Lake Providence, by *H. M. Dobbs,* on *Brisbane, Marshall & Co.* of Bayou Sara. The bill was dated on the 11th of April, 1842, was not protested, and was found among the private papers of *Dobbs,* after his decease, about the third of October following. It was then forwarded to the branch of the bank at St. Francisville, was returned unpaid, and it does not appear that any demand was ever made on the drawees.

The charter of the bank required the appointment of five directors for the branch at Lake Providence, which is a small village on the banks of the Mississippi. This bill was discounted at the branch bank located there, of which *Patton,* the defendant, was at the time president; *Benjamin,* a director; and *Dobbs,* the drawer of the bill, the cashier. The defendants, with the three other directors were appointed, and it was their imperative duty, to supervise the conduct of the cashier, in the administration of the affairs of the bank.

This bill was discounted with the aid of one of the parties, and the approbation of the other, who was the president of the board and the last endorser, *Benjamin,* is presumed to have received the proceeds. They are both bound to see the bill paid. They are not permitted to profit by the neglect, perhaps fraud, of an officer of the bank, whose conduct they were bound to supervise. The conflict between their interests and duties produced by the discount of the cashier's bill, under the circumstances disclosed in evidence, with their endorsements, takes them out of the rules in relation to ordinary endorsers.

The judgment of the District Court is, therefore, reversed, and judgment is rendered in favor of the plaintiffs, against the defendants, *in solido,* for the sum of $402 02, with interest from the 21st of April, 1842, until paid, and costs in both courts.

---

* SLIDELL, J., being interested, did not sit on the trial of this case.